***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner, assignments of error and submissions to the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 FINDINGS OF FACT
1. A hearing on the defendant's Motion To Dismiss was held on March 26, 2007 before the Deputy Commissioner. The Deputy Commissioner subsequently dismissed plaintiff's claim and plaintiff appealed to the Full Commission.
2. Plaintiff alleges that defendant's employees ordered him to sit down, despite there not being a policy requiring him to do so. *Page 2 
3. Defendant moved to dismiss plaintiff's claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted in that plaintiff's allegations are insufficient to establish negligence on the part of any employee of defendant.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff's Application for Review, Affidavit and argument at the hearing before the Deputy Commissioner fail to show negligence or any negligent acts by employees of the defendant.
4. Considering plaintiff's allegations as true, plaintiff has failed to state a claim for negligence.
 ***********
Based upon the foregoing finding of fact and conclusion of law, the Full Commission enters the following: *Page 3 
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby dismissed with prejudice.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 18th day of March 2008.
 S/______________________
 PAMELA T. YOUNG
 CHAIR
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1